NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEVADA CHAPTER OF THE ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC.; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MARTY WALSH, Secretary, United States Department of Labor, <br><br> Defendant-Appellee. | No. 22-16544 <br><br> D.C. No. 3:21-cv-00430-MMD-CLB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 5, 2023[**]
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

The Nevada Chapter of the Associated General Contractors of America, Inc., Associated Builders and Contractors Nevada Chapter, and the Nevada Trucking Association (collectively, "Appellants") appeal the district court's grant of summary judgment in favor of Appellee (the "Department" or "DOL"). We have jurisdiction under 28 U.S.C. § 1291. We "may set aside only agency actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Nat'l Mining Ass'n v. Zinke*, 877 F.3d 845, 866 (9th Cir. 2017) (quoting 5 U.S.C. § 706(2)(A)). "This standard of review is highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Id.* (internal quotation marks omitted).

1. Under *Chevron* step one, we must determine whether 40 U.S.C. § 3142(b) unambiguously expresses Congress' intent. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). Appellants' narrow reading of § 3142(b), though plausible, is not the only possible interpretation of the statute. In some instances, there may not be sufficient data within a given subdivision to support a wage determination. Under Appellants' reading, the statute would nevertheless bar the DOL from considering a broader geographic scope, rending it impossible for the Department to fulfill its statutory mandate. We must therefore look beyond plain meaning to avoid this absurd result. *See Tang v. Reno*, 77 F.3d 1194, 1196–97 (9th Cir. 1996).

2.  At *Chevron* step two, "the question for the court is whether the agency's [interpretation] is based on a permissible construction of the statute." *Wide Voice, LLC v. Fed. Commc'ns Comm'n*, 61 F.4th 1018, 1025 (9th Cir. 2023) (alteration omitted) (quoting *Chevron*, 467 U.S. at 843).  Here, the Department's plausible interpretation of the statute permitting consideration of data drawn from beyond the borders of a particular "civil subdivision" is consistent with the purposes of the Davis-Bacon Act, 40 U.S.C. § 3141, *et seq*.  *See Universities Rsch. Ass'n, Inc. v. Coutu*, 450 U.S. 754, 773-75 (1981); *United States v. Binghamton Const. Co.*, 347 U.S. 171, 177 (1954).

3.  The Department's reliance on statewide data was not arbitrary or capricious.  29 C.F.R. § 1.2 is silent as to how a prevailing wage is to be determined, and § 1.3(b) makes no reference to any geographic limitation on data the DOL may consider.  Section 1.7, however, does contemplate geographical and temporal expansions of data that may be considered, and explicitly references "wage data from similar construction . . . in the State."  29 C.F.R. § 1.7(c).  Moreover, even if there were any ambiguity in the regulation, the preamble to the regulation makes clear that Appellants' reading conflicts with the Department's intent in promulgating the regulation.  *Procedures for Predetermination of Wage Rates*, 46 Fed. Reg. 4306, 4310 (Jan. 16, 1981) ("[I]n the unusual case where there is not sufficient current wage rate data available in a county or surrounding

3

counties, we expand the area of consideration. We believe that the use of 'in the State' is consistent with our policy . . . ."); *see also Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 419 (9th Cir. 2019); *City of Las Vegas v. Fed. Aviation Admin.*, 570 F.3d 1109, 1117 (9th Cir. 2009); *In Re: Coal. for Chesapeake Hous. Dev.*, ARB No. 12-010, 2013 WL 5872049, at \*8 (U.S. Dep't. of Lab. Sept. 25, 2013).

4. Appellants have not shown that the DOL capriciously refused to consider Nevada Office of the Labor Commissioner data. Nothing in 29 C.F.R. § 1.3(b) required the Department to locate information that the public entity was repeatedly encouraged to, yet did not, timely submit. *In re: Mistick Construction and Associated Builders and Contractors of Western Pennsylvania, Inc.*, ARB No. 04-051, 2006 WL 861357, at \*9 (U.S. Dep't of Lab. Mar. 31, 2006), is inapposite. There, the Department refused to consider information that it *did* possess, while here, it is undisputed that the Department did *not* possess the NOLC data at the close of the wage survey. Appellants identify no authority for the proposition that the DOL was obligated to accept late-submitted data or acted capriciously by enforcing its own deadlines.

**AFFIRMED.**